490 F.2d 85
 Bernard J. KENNEDY et al., Plaintiffs-Appellants,
v.
Gerald HENDERSCHEID and Moz-All of Florida, Inc.,
Defendants-Appellees.
No. 73-2901 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y., 5th Cir. 1970, 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 28, 1973.
 
 Arthur Roth, John Fowler, Miami, Fla., for plaintiffs-appellants.
 John W. Thornton, Timothy Carl Blake, Miami, Fla., for defendants-appellees.
 Before WISDOM, AINSWORTH and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this personal injury suit in admiralty arising out of the explosion of a fishing boat trial was to the judge and judgment was rendered against the plaintiffs. The plaintiffs argue on appeal that the trial judge erroneously applied the doctrine of res ipsa loquitur since he failed to rule that plaintiffs' proof transferred the burden of going forward on the issues of negligence and causation to the defendant. This argument is without merit. Under the rule applied in admiralty cases the trier of fact is permitted to accept or reject the inference of negligence permitted by the doctrine of res ipsa loquitur and 'the question still is whether all the evidence . . . reasonably shows that the defendant was negligent in some respect that caused the injury, though the particular negligence cannot be pointed out or directly proved', Geotechnical Corp. v. Pure Oil Company, 196 F.2d 199, 205 (5th Cir.) cert. denied, 344 U.S. 874, 73 S.Ct. 165, 97 L.Ed. 676 (1952). The plaintiffs also assert that the clearly erroneous rule does not apply when the district judge adopts verbatim the proposed factual findings of one of the parties. This contention is similarly without merit. See, e.g., Lewis Dreyfus & CIE v. Panama Canal Company, 298 F.2d 733 (5th Cir. 1962). The district court's factual determinations were not clearly erroneous. Fed.R.Civ.P. 52(a).
 
 
 2
 Affirmed.